JAMES TELFER, PLAINTIFF-APPELLEE, v. TIDE WATER ASSOCIATED OIL COMPANY, A CORPORATION, AND LAWRENCE HANSSON, DEFENDANTS-APPELLANTS.

Submitted January 18, 1938—Decided May 17, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellee, *Samuel E. Kresch.*

For the defendants-appellants, *George F. Lahey, Jr.*

The opinion of the court was delivered by

PORTER, J.   This action is to recover damages resulting in an automobile collision.   The District Court sitting without a jury found for the plaintiff.   From that judgment the defendants appeal on two grounds.   First, that error was made in not granting a motion in favor of the defendants because of contributory negligence on the part of the plaintiff as a matter of law, and second, because of failure to direct a verdict in favor of the defendants because no negligence was shown.

A review of the record leads us to the conclusion that the trial court was in error in both rulings.

The material facts are not in dispute. The plaintiff was driving his automobile on Morris avenue, Township of Union, at dusk on February 6th, 1937, and collided with the left side of the defendant truck at the intersection of Morris avenue and State Highway Route 29. The highway goes over Morris avenue at that point on a viaduct. Provision is made to go from the highway to Morris avenue down an incline or ramp. As the same reaches the grade of Morris avenue, traffic may go either to the right or to the left, provision being made in the highway for such traffic movement, and various signs so indicate.

The defendant Hansson was driving a truck for the defendant company. He stopped his truck before going into Morris avenue either at the curb line or at a stop sign some distance before reaching the curb line. At that time both he and his companion on the truck, a fellow employe, say that they saw the plaintiff automobile coming toward them some five hundred to seven hundred feet distant. The truck then proceeded across Morris avenue and before completing the crossing was struck at the left rear wheel by the plaintiff car, about eight feet of the truck remaining on the road along which plaintiff was traveling when the collision occurred. The plaintiff did not see the truck until he was forty feet from it. He then applied his brakes and swerved to the right but was too close to the truck to avoid striking it.

The court filed a memorandum in which he based his conclusion that there was negligence on the part of the defendants because of the route taken. His view was that the traffic should not have crossed Morris avenue at that point, but that it should have turned right on Morris avenue and to the end of the safety aisle, a short distance away, and then made the left turn to reach the opposite side of the road.

There is no basis whatever in the proofs for this conclusion. On the contrary, the defendant was taking the route or course provided for by the construction of the highway as well as by the direction signs in reaching the opposite side of Morris

avenue which was his objective in order to travel from there in an Elizabeth direction.

It follows that the verdict must be reversed, and the case remanded for further proceedings in conformity herewith, costs to abide the event.